IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERMAINE DONALDSON, | : | CIVIL NO. 3:CV-09-0208 |
| Petitioner, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| JANINE DONATE, et al., | : | |
| Respondents | : | |

## MEMORANDUM

Jermaine Donaldson ("Donaldson"), presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), incarcerated at the Clinton County Correctional Facility, McElhattan, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, on February 2, 2009, seeking release from indefinite detention. (Doc. 1). Respondents initially filed a response on April 13, 2009. (Doc. 10). Due to ongoing ICE proceedings, respondents were recently directed to file a status report. That report, which detailed proceedings that occurred since the date of the April 2009 response, was filed on December 14, 2009. (Doc. 13.) For the reasons set forth below, the petition will be granted.

I. **Background**

Donaldson, a native and citizen of Jamaica, arrived in the United States at an unknown place on an unknown date. (Doc. 10-2, at 7.) Therefore, he was neither admitted nor paroled after inspection by an immigration officer. (Id.) He was served with a notice to appear on March 12, 2004, charging him with being subject to removal pursuant to 212(a)(6)(A)(I) of

the Immigration and Nationality Act, as amended ("INA"), in that he is "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (Id. at 7-8.) No action was taken on the notice to appear.

However, on January 2, 2007, he pled guilty to one count of manufacture, delivery or possession with intent to manufacture or deliver a controlled substance, marijuana, in violation of 35 Pa.Cons.Stat. § 780-113(a)(30) in Luzerne County, Pennsylvania. He was sentenced to a minimum of one month and a maximum of 12 months incarceration, was credited with time served and immediately paroled to ICE. (Id. at 10.) On April 10, 2007, ICE added charges of inadmissibility/deportability, based on the Luzerne County conviction. The additional charges included violations of Sections 212(a)(2)(A)(i)(II) (violation of any law or regulation of a state), 212(a)(2)(C) (illegal trafficker in any controlled substance), and 212(a)(2)(A)(i)(I) (crime involving moral turpitude) of the INA. (Id.) As relief from removal, Donaldson applied for asylum, withholding of removal, and Article 3 Convention against Torture protection. (Doc. 10-2, at 12.)

On August 16, 2007, the Immigration Judge ("IJ") found that he was removable as charged as an alien unlawfully present in the United States. (Id. at 14.) He also concluded that he was inadmissible under Sections 212(a)(2)(C) and 212(a)(2)(A)(ii) of the INA. (Id. at 14-15.) Lastly, the claims for asylum, withholding of removal under section 241(b)(3) of the INA, and for withholding and/or deferral of removal under Article 3 of the Convention

Against Torture were denied. (Id. at 53.) Donaldson appealed to the Board of Immigration Appeals ("BIA"). On January 3, 2008, the BIA issued a decision dismissing the appeal. (Doc. 10-2, at 61-62.)

Thereafter, he pursued relief in the United States Court of Appeals for the Third Circuit. On February 6, 2008, the court of appeals issued an order staying the final order of removal pending further order. (Doc. 10-2, at 64.) On April 30, 2008, ICE issued a decision to continue detention based on the stay of removal entered by the court of appeals. (Doc. 10-2, at 4.) On January 15, 2009, the court of appeals remanded the matter to the BIA for reconsideration of issues involving petitioner's conviction in light of the intervening decision in Evanson v. Att'y Gen., 550 F.3d 284 (3d Cir. 2008). (Doc. 10-2 at 66; Doc. 13-2, at 2.)

On July 20, 2009, the BIA issued a decision vacating their decision of January 3, 2008, and remanding the matter to the IJ for a new hearing on the applications for asylum and all other relief and entry of a new decision. A hearing has not yet been scheduled.

## II. Discussion

The apprehension and detention of aliens, pending removal decisions, are governed by the provisions by § 236 of the INA, 8 U.S.C. § 1226. Under § 1226(a), the Attorney General may issue a warrant for arrest and detention of an alien, pending a decision on whether the alien is to be removed from the United States. Although § 1226(a) permits discretionary release of aliens on bond, § 1226(c)(1) states that "The Attorney General shall take into custody any alien who . . . (B) is deportable by reason of having committed any offense

3

covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." 8 U.S.C. § 1226(c)(1).

The government initially took the position that "in Donaldson's case, ICE has determined that he committed an offense covered under section 237(a)(2)(A)(iii) of the INA in that his crime consisted of an aggravated felony, i.e. possession with intent to deliver marijuana. 8 U.S.C. § 1227(a)(2)(A)(iii) [ ]. Additionally, ICE has determined that Donaldson was removable on three additional bases because his criminal conviction involved the following: (1) a controlled substance; (2) 'Illicit trafficking;' and, (3) moral turpitude. [ ]. Thus, Donaldson is subject to the mandatory detention provisions under section 236(c) of the INA. 8 U.S.C. § 1226(c)(1)(B)." (Doc. 10, at 9.) Recently, based on the BIA's most recent decision that Donaldson's criminal conviction is not an aggravated felony, the government concedes that his detention is no longer supported by the aggravated felony provision of mandatory detention. (Doc. 13, at 8.) However, they maintain that he is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A) because he is charged with committing three separate offenses enumerated in section 212(A)(2). (Id.)

The United States Supreme Court held in <u>Demore v. Kim</u>, 538 U.S. 510 (2003), that mandatory detention under 8 U.S.C. § 1226(c) during removal proceedings does not violate the protections guaranteed under the Constitution. In <u>Demore</u>, a lawful permanent resident filed a habeas petition challenging the no-bail provision of § 1226(c), pursuant to which he had been held for six months during the pendency of removal proceedings against him. The

4

Supreme Court held that detention of lawful permanent residents during removal proceedings is constitutionally permissible, even when there has been no finding that they are unlikely to appear for their deportation proceedings. See id., 538 U.S. at 523-524

The growing consensus within this district and, indeed it appears throughout the federal courts, is that the prolonged detention of aliens under § 1226(c) raises serious constitutional concerns. See, e.g., Tijani v. Willis, 430 F.3d 1241, 1242 (9th Cir. 2005); Ly v. Hansen, 351 F.3d 263, 267-68 (6th Cir. 2003); Lawson v. Gerlinski, 332 F. Supp.2d 735, 744-46 (M.D.Pa. 2004); Prince v. Mukasey, 593 F.Supp.2d 727, 734 (M.D.Pa. 2008); Madrane v. Hogan, 520 F. Supp.2d 654 (M.D.Pa. 2007). Although mandatory detention under § 1226(c) serves the statutory purpose of guaranteeing an alien's presence at removal proceedings, prolonged detention contravenes the intent of Congress that such proceedings proceed expeditiously. Ly, 351 F.3d at 269; see also Patel v. Zemski, 275 F.3d 299, 304 (3d Cir.2001), overruled on other grounds by Demore, 538 U.S. at 516 (noting "[t]he current immigration laws reflect part of a growing effort by Congress to expedite the removal of criminal aliens"). Significantly, the Demore court repeatedly qualified its holding by noting that mandatory detention is constitutionally permissible for the "brief," 538 U.S. at 513, 523, "limited," id. 526, 529 n. 12, 531, and "temporary," id. at 531, period necessary for removal proceedings. When it moves beyond the brief and limited period reasonably necessary to accomplish removal proceedings, mandatory detention is inconsistent with both the due process required by the Constitution and the statutory purposes of the INA.

The petitioner in Lawson v. Gerlinski, 332 F. Supp.2d 735, 744-46 (M.D.Pa. 2004), who had obtained a stay of removal while he was litigating the validity of his removal order, contested his prolonged detention. Judge Vanaskie found as follows:

> The fact of the removal order does not strip Lawson of his constitutionally protected interest in liberty. See Ly v. Hansen, 351 F.3d 263, 269 (6th Cir.2003). "The Supreme Court has repeatedly recognized that 'if an alien is a lawful permanent resident of the United States and remains physically present here, he is a person within the protection of the Fifth Amendment.'" Tineo v. Ashcroft, 350 F.3d 382, 398 (3d Cir.2003). As recognized in Ly, the Supreme Court in Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), "established that deportable aliens even those who had already been ordered removed, possess a substantive Fifth Amendment liberty interest, and that the interest was violated by indefinite detention." Ly, 351 F.3d at 269. Our Court of Appeals has recognized that even excludable aliens, i.e., non-lawful permanent residents, with criminal records are protected by the Due Process Clause when it comes to prolonged detention. Ngo, 192 F.3d at 398-99. The Supreme Court, in sustaining the authority of Congress to mandate detention of criminal aliens during the administrative removal proceedings stressed that such detention would be only "for the brief period necessary for their removal proceedings." Demore v. Kim, 538 U.S. 510, 513, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003).
>
> An alien who would not normally be subject to indefinite detention cannot be so detained merely because he seeks to explore avenues of relief that the law makes available to him. Further, although an alien may be responsible for seeking relief, he is not responsible for the amount of time that such determinations may take.

Lawson, 332 F.Supp.2d at 744-46. The petitioner was ordered released subject to conditions of supervision. (Id. at 747.)

In Madrane v. Hogan, 520 F. Supp.2d 654 (M.D.Pa. 2007), Chief Judge Kane conducted a thorough review of the statutory framework, Demore v. Kim, and subsequent cases dealing with the issue of mandatory detention. This review led to the conclusion that

6

the Demore holding is "grounded in the repeated reference to the anticipated brevity that pre-final order removal proceedings are expected to take in the ordinary course." References to the anticipated limited duration of the detention period, as well as the statistical references relied upon by the Supreme Court, include the following: in 85% of cases in which aliens were detained pursuant to § 1226(c), removal proceedings were completed in an average time of 47 days, and a median of 30 days; and in the remaining 15% of cases in which an alien appeals an Immigration Judge's ruling to the Board of Immigration Appeals, an appeal takes an average of four months, with a shorter median time. Demore, 538 U.S. at 529.

Chief Judge Kane rejected the respondents' inflexible position that a petitioner may be detained for as many years as it may take to obtain a final order regarding his removal simply on the basis of the mandatory language of § 236(c), particularly where the Supreme Court in Demore did not expressly contemplate the constitutionality of such protracted detention, and where the government has offered no other compelling justification or authority for such indefinite detention of this particular alien. Id. at 667. It was concluded that petitioner's extended detention in ICE custody for more than three years while ICE attempted to remove him resulted in a violation of his right to due process and was therefore unconstitutional. Id.

Wilks v. DHS, Civil Action No. 1:07-CV-2171, 2008 WL 4820654 (M.D.Pa. Nov. 3, 2008) (Caldwell, J.), interpreted Demore to mean that "[m]andatory detention under 8 U.S.C. § 1226(c) is constitutional as long as the detention does not exceed the period typically required for removal proceedings." 2008 WL 4820654, at *2. Because the petitioner had

been detained for approximately two and one-half years while his immigration proceedings made their way through the agency and court of appeals, Judge Caldwell concluded that he had been subject to "prolonged detention" and was entitled to a hearing before an IJ where the government would have the burden of proving the petitioner was a flight risk or danger to the community. Id. at *3.

Judge Conner, convinced by the legal precedents cited and analyses set forth in the Lawson and Madrane opinions, found the petitioner's continued detention pending the conclusion of removal proceedings to violate due process and therefore be unconstitutional. See Nunez-Pimentel v. U.S. Dep't of Homeland Sec. Immigration Customs Enforcement, et al., Civil Action No. 1:07-CV-1915, 2008 WL 2593806 (M.D.Pa., June 27, 2008). In Nunez-Pimentel, petitioner had been held in ICE custody in excess of three years while his removal proceedings ". . . wound their way through ICE's administrative courts to the United States Court of Appeals for the Third Circuit and back again to the administrative courts." Id. at 8. Judge Conner adopted the conclusion of Chief Judge Kane in the Madrane matter and also rejected the respondent's inflexible position that petitioner may be detained for as many years as it may take to obtain a final order regarding his removal simply on the basis of the mandatory language of § 236(c).

Based on the foregoing, the court finds that Donaldson's continued detention pending the conclusion of removal proceedings, is in violation of his right to due process and is therefore unconstitutional. He has been held in ICE custody for almost three years while his

removal proceedings have crawled through ICE's administrative courts to the United States Court of Appeals for the Third Circuit and back again to the administrative courts. It is troubling that the matter was remanded to the BIA from the court of appeals on January 15, 2009 (Doc. 10-2, at 66), but the BIA did not hold a hearing until July 20, 2009. (Doc. 13-2, at 2.) Of further concern is that the matter was remanded to the IJ on July 20, 2009, but the BIA did not ship the Record of Proceedings to the IJ for a hearing until December 8, 2009, the day after this court directed respondents to file a status report detailing the ICE proceedings since the filing of the response. More than five months have elapsed and still no hearing has been scheduled. (Doc. 13.) Although petitioner may be responsible for seeking relief from removal, he is not responsible for the amount of time that such determinations may take. Given the past procedural history, it is anticipated that the administrative and appellate process will be time-consuming. In light of the above facts and the forecast of additional appeals and proceedings that could result in petitioner being detained for many months in addition to the three years he has already spent in custody, the court cannot adopt respondents' inflexible position that petitioner may be detained for as many years as it may take to obtain a final order regarding his removal simply on the basis of the mandatory language of § 236(c). Accordingly, the petition for writ of habeas corpus will be granted.

An appropriate order will issue.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

Dated:	December 31, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JERMAINE DONALDSON, : CIVIL NO. 3:CV-09-0208
    Petitioner, :
     : (Judge Munley)
v. :
     :
JANINE DONATE, et al., :
    Respondents :

## ORDER

**AND NOW**, to wit, this 31st day of December, 2009, in accordance with the foregoing memorandum, it is hereby **ORDERED** that:

1. The petition for writ of habeas corpus (Doc. 1) is GRANTED.

2. Respondents shall release petitioner forthwith, subject to reasonable conditions of supervision in accordance with applicable law and regulations.

3. Within twenty days of the date of this order, respondents shall notify the Court of petitioner's release and any conditions imposed on such release.

4. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court